# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 3, 2013

Lyle W. Cayce
Clerk

No. 12-50573
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

FERNANDO URIBE,

Defendant – Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-366-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Fernando Uribe appeals the concurrent within-guidelines sentences of 36 months imposed following his convictions for attempted illegal reentry and falsely claiming United States citizenship. As a threshold matter, Uribe argues that a presumption of reasonableness should not apply to his within-guidelines sentences on appellate review because the applicable guideline, U.S.S.G. § 2L1.2, is not the result of empirical evidence or study. As Uribe acknowledges, this argument is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

Uribe also argues that his within-guidelines sentences were greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) and thus were unreasonable, in part, because the illegal reentry guideline doubled-counted one of his prior convictions in determining his offense level and criminal history. We have rejected the argument that a sentence imposed pursuant to § 2L1.2 is greater than necessary to meet § 3553(a)'s goals as a result of any double counting inherent in that Guideline. *See Duarte*, 569 F.3d at 529-31.

Finally, Uribe argues that his guidelines ranges failed to reflect his personal history and circumstances, the benign nature of his illegal reentry offense, and the reasons he committed that offense. He further contends that the district court incorrectly weighed these factors. His arguments are unavailing. The district court, which was "in a superior position to find facts and judge their import under § 3553(a)," considered and rejected Uribe's arguments for sentences below his advisory guidelines ranges. *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). After consideration of Uribe's arguments, the court expressly gave more weight to other § 3553(a) factors, including Uribe's criminal history and history of violence, and determined that sentences within the ranges were appropriate. Uribe has not rebutted the presumption of reasonableness attaching to his within-guidelines sentences on appellate review. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

The record reflects no abuse of discretion in the district court's sentencing decision. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Accordingly, the court's judgment is AFFIRMED.